**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| KHYON ERNEST CHURCH-EL,<br><br>       Plaintiff,<br><br>   v.<br><br>BANK OF NEW YORK, as Trustee for the holders of asset-backed certificate series 2001-1F,<br><br>       Defendant. | Civil No. 11-877 (NLH/KMW)<br><br>**OPINION** |

**APPEARANCES:**

Khyon Ernest Church-El
1725 West 2nd Street
Wilmington, Delaware 19805
    *Pro Se Plaintiff*

Lisa Roberson Hatfield, Esquire
Morris/Hardwick/Schneider, LLC
284 East Main Street
Newark, Delaware 19711
    *Attorney for Defendant*

**HILLMAN, District Judge**

This matter comes before the Court by way of Defendant Bank of New York's motion [Doc. No. 14] to set aside the Clerk's entry of default entered against it in this matter on July 23, 2012. Plaintiff Khyon Ernest Church-El opposes Defendant's motion and filed two separate motions [Doc. Nos. 11, 19] seeking the entry of a default judgment against Defendant. The Court has considered the parties' submissions, and decides this matter

pursuant to Federal Rule of Civil Procedure 78.

For the reasons expressed below, Defendant's motion to set aside the default is granted, and Plaintiff's motions for default judgment are denied.

**I.   JURISDICTION**

Plaintiff brings this action alleging claims against Defendant for purported violations of the Fair Credit Reporting Act (hereinafter, "FCRA"), 15 U.S.C. § 1681 et seq., and the Fair Debt Collection Practices Act (hereinafter, "FDCPA"), 15 U.S.C. § 1692 et seq.  The Court exercises jurisdiction over Plaintiff's federal law claims under FCRA and FDCPA pursuant to 28 U.S.C. § 1331.  See also 15 U.S.C. §§ 1681p, 1692k(d) (allowing FCRA and FDCPA claims to "be brought in any appropriate United States district court without regard to the amount in controversy").

**II.  BACKGROUND**

Plaintiff filed the complaint in this action on September 28, 2011 for a declaratory judgment, preliminary and permanent injunctive relief, and damages against Defendant for alleged violations of the Fair Credit Reporting Act and the Fair Debt Collection Practices Act "in connection with a purported mortgage appearing to be in foreclosure against the Plaintiff; the defendants' collection tactics in attempting to foreclose, and the defendants' refusal to remove or correct inaccuracies regarding [the mortgage], despite written correspondence

specifying the inaccuracies and providing information that would facilitate a reasonable reinvestigation of the matter." (Compl. [Doc. No. 1] ¶ 4.) Plaintiff requests that the Court "review the lower Court's Record, and the facts of the case recorded in the Recorder of Deeds Office(s), as well as the Secretary of State's Office(s), to make a case comparison, and issue a compensatory Judgment in his favor to equal at least 3 times the valuation of the original mortgage note," plus punitive damages and injunctive relief. (Id. ¶ 19.)

On February 14, 2012, the Court ordered Plaintiff to show cause why the complaint should not be dismissed for failure to serve process upon Defendant within 120 days of the filing of the complaint pursuant to Federal Rule of Civil Procedure 4(m). (Order to Show Cause [Doc. No. 3] 1, Feb. 15, 2012). Plaintiff filed a response to the Order to Show Cause on March 6, 2012 indicating that Plaintiff sent a certified copy of the complaint to "Wittstadt & Wittstadt 284 E. Main St. Newark, DE 19711 by United States Postal Service on the 28th day of September 2011" in care of Lisa Hatfield, Esquire,[1] and that he received a "Domestic Return Receipt with an Article Number of 7011 0470 0001 5071 6738 as proof of the delivery [along with] an accompanying signature." (Pl.'s Response [Doc. No. 4] ¶¶ 2-3.)

---

[1] Lisa Hatfield, Esq. serves as counsel for Defendant in this action.

By Order dated March 13, 2012, the Court found that "Plaintiff's method did not properly effect service upon Defendant" as required by Federal Rule of Civil Procedure 4 and several provisions of the Delaware Code, including 8 DEL. C. § 321 and 10 DEL. C. § 3111. (Order [Doc. No. 5] 1, Mar. 13, 2012.) Accordingly, the Court granted Plaintiff an additional sixty (60) days from the date of the March 13, 2012 Order to effect service upon Defendant.[2] (Id.) Approximately two months later, on May 15, 2012, Plaintiff filed an executed summons purporting to demonstrate service upon Defendant. (Summons [Doc. No. 8] 1.) The attached proof of service indicated that Conner D. O'Rourke, a special process server from O'Rourke Investigative Associates, Inc., "served the rule to show cause ... [on] Scott LaScala, operations manager, who is designated by law to accept service of process on behalf of ... Bank of New York as Trustee for the Holders of Asset-backed Certificate Series 2001-1F c/o Wittstadt & Wittstadt, P.A., at c/o Corporation Trust Co., 1209 Orange Street, Wilmington, DE, 19801 on ... 5/10/2012 at 3:05 p.m." (Proof of Service [Doc. No. 8] 2.)

Pursuant to the executed summons and proof of service, the Clerk of Court entered a docket notation indicating that Bank of New York was served on May 10, 2012 and Defendant's answer was

---

[2] On May 10, 2012, Plaintiff filed a second response to the Court's February 14, 2012 Order to Show again relying on his attempt to serve the complaint via certified mail, return receipt Article Number 7011 0470 0001 5071 6738.

4

due by May 31, 2012. (Text of May 15, 2012 Docket Entry by Clerk of Court.) After Defendant's May 31, 2012 deadline expired without the filing of an answer, Plaintiff, on July 18, 2012, requested that the Clerk of Court enter default against Defendant pursuant to Federal Rule of Civil Procedure 55(a).[3] (Request for Default [Doc. No. 9] 1.) Plaintiff submitted an affidavit in support of his request swearing that a copy of the summons and complaint were served on May 10, 2012, as demonstrated by the proof of service filed on the docket, and that Defendant had failed to appear, plead or otherwise defend within the time allowed. (Aff. in Supp. of Entry of Default J. [Doc. No. 9] ¶¶ 3, 5.)

In accordance with Plaintiff's affidavit and request, the Clerk of Court entered default on July 23, 2012. (Entry of Default [Doc. No. 10] 1.) The Clerk thereafter mailed a copy of the entry of default to Defendant at the following two addresses: (1) care of Wittstadt & Wittstadt, 284 E. Main Street, Newark, Delaware 19711; and (2) care of Corporation Trust Co., 1209 Orange Street, Wilmington, Delaware 19801. (Id. at 2.)

On July 26, 2012, Plaintiff filed his first motion [Doc. No. 11] for default judgment. Defendant then filed the present

---

[3] Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a).

5

motion to set aside the default on October 23, 2012. After filing a brief [Doc. No. 17] opposing Defendant's motion, Plaintiff also filed a second motion [Doc. No. 19] seeking default judgment and a writ of execution. Thereafter, Defendant filed an objection [Doc. No. 20] to Plaintiff's second motion.

### III. **DISCUSSION**

Federal Rule of Civil Procedure 55(c) provides that the Court "may set aside an entry of default for good cause, and ... may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Accordingly, pursuant to Rule 60(b), a defendant may move to set aside a default judgment, and the Court may grant such relief for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud ..., misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Generally, entries of default and default judgments are disfavored by the courts, and when a defendant moves to set aside the entry of default or a default judgment the law therefore

"require[s] doubtful cases to be resolved in favor of the party moving to set aside the default judgment 'so that cases may be decided on their merits.'" United States v. $55,518.55 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984) (citation omitted). Moreover, the "decision to set aside the entry of default pursuant to Fed.R.Civ.P. 55(c) and a default judgment pursuant to Fed.R.Civ.P. 60(b) is left primarily to the discretion of the district court." Id. at 194 (footnotes omitted).

A distinction exists, though, "between a default standing alone and a default judgment." Feliciano v. Reliant Tooling Co., Ltd., 691 F.2d 653, 656 (3d Cir. 1982). While a default judgment may be set aside according to the provisions of Rule 60(b), "[l]ess substantial grounds may be adequate for setting aside a default than would be required for opening a judgment." Id. Accordingly, "'(a)ny of the reasons sufficient to justify the vacation of a default judgment under Rule 60(b) normally will justify relief from a default entry and in various situations a default entry may be set aside for reasons that would not be enough to open a default judgment.'" Id. (citing 10 C. Wright & A. Miller, Federal Practice and Procedure, § 2696 at 334 (1973)).

In the Third Circuit, "it is well established that a district court ruling on a motion to set aside a default under Rule 55(c) or a default judgment under Rule 60(b)(1), must consider the following three factors: (1) whether the plaintiff

will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct." Gold Kist, Inc. v. Laurinburg Oil Co., 756 F.2d 14, 19 (3d Cir. 1985) (citing Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984); $55,518.55 in U.S. Currency, 728 F.2d at 195). However, a district court need not "resort to an analysis of th[e]se factors in" every instance "because they apply only when the default judgment was authorized and the only question before the district court is whether to exercise its discretion to set aside the default." Gold Kist, 756 F.2d at 19 (explaining that a district court errs as a matter of law in refusing to set aside a default where the default judgment was improperly entered).

The Third Circuit and multiple district courts within the Circuit have recognized that an entry of default or a default judgment can be set aside if it was not properly entered at the outset, including circumstances where proper service of the complaint is lacking. See, e.g., Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1304 (3d Cir. 1995) (noting that where "a default judgment ... [is] entered when there [is] not ... proper service, the judgment is, a fortiori, void, and should be vacated."); Gold Kist, 756 F.2d at 19; Perkins v. Delaware DHSS/DSSC, No. 12-50, 2012 WL 4482801, at *1, 4, 7 (D. Del. Sept. 27, 2012) (recommending defendant's motion to vacate entry of

8

default be granted and plaintiff's motion for default judgment be denied where service had "not yet been technically effectuated"); Mettle v. First Union Nat'l Bank, 279 F. Supp. 2d 598, 603 (D.N.J. 2003) (concluding sufficient good cause existed for setting aside default entered against a defendant where there was not proper service of the summons and complaint); Shomide v. ILC Dover LP, No. 03-1019, 2006 WL 2042969, at *5 (D. Del. (denying plaintiff's motion for default judgment because defendant was not properly served).

**IV. ANALYSIS**

While Defendant's motion addresses each of the factors relevant for setting aside the July 23, 2012 entry of default – prejudice to plaintiff, meritorious defenses, and culpable conduct – the motion also argues that service was never properly effected upon Defendant in this action. (Mot. to Set Aside Default [Doc. No. 14] ¶ 10.) To the extent Defendant was not properly served with the summons and complaint, good cause may exist for setting aside the default without further consideration of the Gold Kist factors. Mettle, 279 F. Supp. 2d at 603. Thus, as a threshold matter, the Court examines whether service was properly effected in this case.

Federal Rule of Civil Procedure 4(h) proscribes the proper methods for effecting service of process on a corporation, such

9

as Defendant Bank of New York.[4] Rule 4(h) provides in pertinent part that a domestic corporation subject to suit under a common name must be served in a judicial district of the United States:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and — if the agent is one authorized by statute and the statute so requires — by also mailing a copy of each to the defendant[.]

FED. R. CIV. P. 4(h).

Effecting service of process under Rule 4(h)(1)(B) requires personal service of the summons and complaint to one of the following: (1) an officer of the corporation; (2) a managing or general agent; or (3) any other agent authorized to receive service on behalf of the corporation. Effecting service of process under Rule 4(h)(1)(A) requires a plaintiff to serve the summons and complaint consistent with the method proscribed in Rule 4(e)(1). Rule 4(e)(1) governs service of an individual defendant and permits a plaintiff to serve by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]"

---

[4] Although not made clear in the complaint, Defendant's motion affirmatively indicates that Bank of New York is a Delaware corporation. (Mot. to Set Aside Default [Doc. No. 14] ¶ 3.) Accordingly, Federal Rule 4(h) governs service of Defendant in this case.

Under Delaware law, service of process on a corporation

> shall be made by delivering a copy personally to any officer or director of the corporation in this State, or the registered agent of the corporation in this State, or by leaving it at the dwelling house or usual place of abode in this State of any officer, director or registered agent (if the registered agent be an individual), or at the registered office or other place of business of the corporation in this State.

8 Del. C. § 321(a). Section 321(a) further provides that where "the registered agent [ is] a corporation [as opposed to an individual], service of process upon it as such agent may be made by serving, in this State, a copy thereof on the president, vice-president, secretary, assistant secretary or any director of the corporate registered agent."[5] Id.; see also Thompson v. Target Stores, 501 F. Supp. 2d 601, 603 (D. Del. 2007) ("Delaware law allows for service of process upon a corporation by personal delivery to any officer, director, or registered agent in the State, leaving it at the dwelling house or usual place of abode of any such officer, director, or registered agent, or leaving it

---

[5] Section 321(c) further provides that service upon a corporation "may also be made in accordance with § 3111 of Title 10 or any other statute or rule of court." 8 Del. C. § 321(c). Pursuant to 10 Del. C. § 3111, "[a]ctions may be brought against any corporation, at law or in chancery, by summons. Process may be served on the president, or head officer, if residing in the State, and if not, on any officer, director, or manager of the corporation." Similarly, Delaware Superior Court Rule of Civil Procedure 4(f)(1)(III) provides that service upon a corporation shall be made by personally "delivering copies of the summons, complaint and affidavit, if any, to an officer, a managing or general agent or to any other agent authorized by law to receive service of process[.]"

at the registered office or other place of business of the corporation in Delaware."); Bailey v. ACME/ASCO/Albertson's Inc., No. 05A-04-006-PLA, 2006 WL 496139, at *2 (Del. Super. Ct. Feb. 21, 2006) ("Methods for service of process against a corporation are specified in both Rule 4(f)(III) and in 8 Del. C. § 321(a) and provide that service on a corporation may be accomplished by delivering a copy of the summons and complaint to any officer, managing or general agent, or by leaving the copy at the registered office or other place of business of the corporation.")

Pursuant to the Federal Rules of Civil Procedure, Delaware state law, and Delaware court rules, Plaintiff was required to personally serve Defendant by delivering a copy of the summons and complaint in this action to either an officer, director, or registered agent of Defendant in the state of Delaware.[6] It appears that Plaintiff engaged the services of O'Rourke Investigative Associates, Inc. for this purpose, presumably at great personal expense. Plaintiff asserts that "[t]he credibility of Mr. O'Rourke serves as effective testimony to the

---

[6] To the extent Plaintiff continues to assert that Defendant was properly served via copies of the summons and complaint sent to Defense counsel via certified mail, the Court previously found such service to be insufficient, and it remains so at this time. (Order [Doc. No. 5] 1, Mar. 13, 2012) (finding Plaintiff's service method did not properly effect service under Federal Rule of Civil Procedure 4 and several provisions of the Delaware Code, including 8 DEL. C. § 321 and 10 DEL. C. § 3111).

plaintiff's proper effectuation of service upon the defendant[.]" (Pl.'s Mandatory Reply to Def.'s Mot. to Set Aside Default J. [Doc. No. 17] (hereinafter, "Pl.'s Opp'n"), 8.)  The proof of service signed by Connor O'Rourke indicates that service was made upon Scott LaScala, operations manager at Corporation Trust Company at 1209 Orange Street, Wilmington, Delaware, in care of Wittstadt and Wittstadt, P.A.  (Proof of Service [Doc. No. 8] 2.)

Despite Plaintiff's efforts, at this time the record reflects that personal service was never made on Defendant as required under the pertinent rules and statutes set forth above. After the Clerk of Court entered default against Defendant, a copy of the default was mailed to Defendant in care of Corporation Trust Company at the 1209 Orange Street address on July 23, 2012.  Approximately four days later, the Clerk of Court received a notice from Scott LaScala informing the Court that he was returning the Entry of Default in this action because "Bank of New York is not listed on our records or on the records of the State of DE."  (Notice [Doc. No. 12] 1.)  It is apparent from the face of LaScala's letter that he is not any officer or director for Defendant Bank of New York.  Accordingly, service upon Corporation Trust Company through LaScala could only presumably constitute an attempt by Plaintiff to serve Defendant's registered or general agent.  However, LaScala's letter demonstrates that Corporation Trust Company does not serve as

13

Defendant Bank of New York's managing, general or registered agent in any manner. (Notice [Doc. No. 12] 1; Def.'s Objection to Pl.'s Mot. for Default J. [Doc. No. 20] ¶ 9.) Therefore, serving Corporation Trust Company with the summons and the complaint in this action was insufficient to effect service of process on Defendant Bank of New York.

Consequently, as there has not yet been proper service of the summons and complaint upon Defendant, the Court finds that sufficient "good cause" exists for setting aside the default entered on July 23, 2012, against Defendant Bank of New York.[7] See Gold Kist, 756 F.2d at 19; Petrucelli, 46 F.3d at 1304; Perkins, 2012 WL 4482801, at *7; Mettle, 279 F. Supp. 2d at 603; Shomide, 2006 WL 2042969, at *5. Having determined good cause exists to set aside the default based on the absence of proper service, the Court need not examine the Gold Kist factors regarding prejudice to Plaintiff, meritorious defenses, and culpable conduct of Defendant. 756 F.2d at 19. Accordingly, the Court grants Defendant's motion to set aside the July 23, 2012 Entry of Default. Furthermore, because default judgment cannot

---

[7] To the extent Plaintiff's opposition brief could be construed to argue that Defendant's actual notice of the present suit obviates the need for proper service, the Third Circuit has previously recognized that "notice cannot by itself validate an otherwise defective service. Proper service is still a prerequisite to personal jurisdiction." Grand Entm't Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 492 (3d Cir. 1993). Therefore, the fact that Defendant is aware of the present suit does not excuse Plaintiff from properly effectuating service pursuant to Federal Rule of Civil Procedure 4.

be entered where the summons and complaint has not properly been served, Plaintiff's motions for default judgment are denied. <u>See</u> <u>Shomide</u>, 2006 WL 2042969, at *5.

Having found that Plaintiff has not yet effected service of the summons and the complaint, the Court notes that Plaintiff has failed to comply with Federal Rule of Civil Procedure 4(m) which requires service within 120 days of the filing of the complaint. Here, Plaintiff's complaint was filed on September 28, 2011.  It is clear that Plaintiff's failure to serve Defendant at this point is well beyond the 120 day limit of Rule 4(m).  In cases where a defendant has not been timely served, the Rule permits the Court to dismiss the action without prejudice or order that service be made within a specified time. <u>Petrucelli</u>, 46 F.3d at 1305 (noting that under Rule 4(m) "the district court may, in its discretion, extend time even absent a finding of good cause.") In light of Plaintiff's diligent, although improper and insufficient, attempts to serve Defendant up to this point, the Court will extend Plaintiff's time to effect service of process for an additional sixty (60) days.  Plaintiff is on notice that this is the final extension of time the Court will grant in order to serve the summons and complaint in this action.  If Plaintiff fails to properly and timely serve Defendant within sixty days from the date of this Opinion and its accompanying Order, Plaintiff's complaint will be dismissed without prejudice

pursuant to Rule 4(m).

**V.    CONCLUSION**

    For the foregoing reasons, Defendant's motion to set aside the default [Doc. No. 14] is granted, and Plaintiff's motions [Doc. Nos. 11, 19] for default judgment are denied.  An Order consistent with this Opinion will be entered.


Dated: March 21, 2013                     s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.