# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

---

KHYON ERNEST CHURCH-EL,

        Plaintiff,

   v.

BANK OF NEW YORK, as Trustee
for the holders of
asset-backed certificate
series 2001-1F,

        Defendant.

Civil No. 11-877 (NLH/KMW)

**OPINION**

---

**APPEARANCES:**

Khyon Ernest Church-El
1725 West 2nd Street
Wilmington, Delaware 19805

    *Pro Se Plaintiff*

Lisa Roberson Hatfield, Esquire
Morris/Hardwick/Schneider, LLC
284 East Main Street
Newark, Delaware 19711

    *Attorney for Defendant*

**HILLMAN, District Judge**

    This matter comes before the Court by way of Defendant Bank
of New York's motion [Doc. No. 33] seeking to dismiss
Plaintiff's complaint pursuant to Federal Rules of Civil
Procedure 12(b)(4) for insufficient process, and 12(b)(5) for
insufficient service of process.  Plaintiff Khyon Ernest Church-

El opposes Defendant's motion and filed a separate motion [Doc. No. 39] for default judgment.  The Court has considered the parties' submissions, and decides this matter pursuant to Federal Rule of Civil Procedure 78.

For the reasons expressed below, Defendant's motion to dismiss will be denied without prejudice, and Plaintiff's motion for default judgment will be denied as moot.

## I.   <u>JURISDICTION</u>

Plaintiff brings this action alleging claims against Defendant for purported violations of the Fair Credit Reporting Act (hereinafter, "FCRA"), 15 U.S.C. § 1681 <u>et seq.</u>, and the Fair Debt Collection Practices Act (hereinafter, "FDCPA"), 15 U.S.C. § 1692 <u>et</u> <u>seq</u>.  The Court exercises jurisdiction over Plaintiff's federal law claims under FCRA and FDCPA pursuant to 28 U.S.C. § 1331.  <u>See also</u> 15 U.S.C. §§ 1681p, 1692k(d).

## II.  <u>BACKGROUND</u>

The detailed factual background of this case is set forth in the Court's March 21, 2013 Opinion and Order [Doc. Nos. 22, 23] and need not be repeated here.  Accordingly, the Court sets forth only the basic background facts relevant to the present motion.  Plaintiff filed the original complaint [Doc. No. 1] in

this action on September 28, 2011 seeking a declaratory
judgment, preliminary and permanent injunctive relief, and
damages against Defendant for alleged violations of the Fair
Credit Reporting Act and the Fair Debt Collection Practices Act
"in connection with a purported mortgage appearing to be in
foreclosure against the Plaintiff; the defendants' collection
tactics in attempting to foreclose, and the defendants' refusal
to remove or correct inaccuracies regarding [the mortgage],
despite written correspondence specifying the inaccuracies and
providing information that would facilitate a reasonable
reinvestigation of the matter." (Compl. [Doc. No. 1] ¶ 4.)

On February 14, 2012, the Court ordered Plaintiff to show
cause why the complaint should not be dismissed for failure to
serve process upon Defendant within 120 days of the filing of
the complaint pursuant to Federal Rule of Civil Procedure 4(m).
(Order to Show Cause [Doc. No. 3] 1, Feb. 15, 2012).  Plaintiff
filed a response to the Order to Show Cause on March 6, 2012
indicating that Plaintiff sent a certified copy of the complaint
by certified mail and that he received a return receipt
verifying delivery. (Pl.'s Response [Doc. No. 4] ¶¶ 2-3.)  By
Order dated March 13, 2012, the Court found that "Plaintiff's
method did not properly effect service upon Defendant" as
required by Federal Rule of Civil Procedure 4 and several

3

provisions of the Delaware Code, including 8 Del. C. § 321 and 10 Del. C. § 3111.  (Order [Doc. No. 5] 1, Mar. 13, 2012.)  Accordingly, the Court granted Plaintiff an additional sixty (60) days from the date of the March 13, 2012 Order to effect service upon Defendant.[1]  (Id.)

Approximately two months later, on May 15, 2012, Plaintiff filed an executed summons purporting to demonstrate service upon Defendant.  (Summons [Doc. No. 8] 1.)  The attached proof of service indicated that Conner D. O'Rourke, a special process server from O'Rourke Investigative Associates, Inc., "served the rule to show cause ... [on] Scott LaScala, operations manager, who is designated by law to accept service of process on behalf of ... Bank of New York as Trustee for the Holders of Asset-backed Certificate Series 2001-1F c/o Wittstadt & Wittstadt, P.A., at c/o Corporation Trust Co., 1209 Orange Street, Wilmington, DE, 19801 on ... 5/10/2012 at 3:05 p.m."  (Proof of Service [Doc. No. 8] 2.)

Pursuant to the executed summons and proof of service, the Clerk of Court entered a docket notation indicating that Bank of New York was served on May 10, 2012 and Defendant's answer was

---

[1]   On May 10, 2012, Plaintiff filed a second response to the Court's February 14, 2012 Order to Show again relying on his attempt to serve the complaint via certified mail.

4

due by May 31, 2012.  (Text of May 15, 2012 Docket Entry by
Clerk of Court.)  After Defendant's May 31, 2012 deadline
expired without the filing of an answer, Plaintiff, on July 18,
2012, requested that the Clerk of Court enter default against
Defendant pursuant to Federal Rule of Civil Procedure 55(a).[2]
(Request for Default [Doc. No. 9] 1.)  Plaintiff submitted an
affidavit in support of his request swearing that a copy of the
summons and complaint were served on May 10, 2012, as
demonstrated by the proof of service filed on the docket, and
that Defendant had failed to appear, plead or otherwise defend
within the time allowed.  (Aff. in Supp. of Entry of Default J.
[Doc. No. 9] ¶¶ 3, 5.)  In accordance with Plaintiff's affidavit
and request, the Clerk of Court entered default on July 23,
2012.  (Entry of Default [Doc. No. 10] 1.)  The Clerk thereafter
mailed a copy of the entry of default to Defendant at the
following two addresses: (1) care of Wittstadt & Wittstadt, 284
E. Main Street, Newark, Delaware 19711; and (2) care of
Corporation Trust Co., 1209 Orange Street, Wilmington, Delaware
19801.  (Id. at 2.)

---

[2]     Rule 55(a) provides that "[w]hen a party against whom a
judgment for affirmative relief is sought has failed to plead or
otherwise defend, and that failure is shown by affidavit or
otherwise, the clerk must enter the party's default."  FED. R.
CIV. P. 55(a).

Subsequently, Defendant moved to set aside the entry of default.  By Opinion and Order dated March 21, 2013, the Court granted Defendant Bank of New York's motion to set aside the Clerk's entry of default on the basis that Plaintiff had yet to properly serve Defendant with a copy of the summons and complaint as required by Federal Rule of Civil Procedure 4 at the time the default was entered.  (Op. [Doc. No. 22] 14, Mar. 21, 2013.)  The March 21, 2013 Opinion set forth in detail the deficiencies of Plaintiff's attempts to serve Defendant under the Federal Rules of Civil Procedure and various provisions of the Delaware Code.  (Id. at 12-15.)  The Court further noted that Plaintiff had failed to comply with Federal Rule of Civil Procedure 4(m) which requires service within 120 days of the complaint being filed.  (Id. at 15.)

However, rather than dismiss Plaintiff's complaint without prejudice for failure to timely serve, the Court granted Plaintiff an additional sixty (60) day extension of time to effect service of process on Defendant.  (Id.)  The Court cautioned Plaintiff that he was "on notice that this [was] the final extension of time the Court [would] grant in order to serve the summons and complaint in this action."  (Id.)  The March 21, 2013 Opinion explicitly stated that if Plaintiff "fail[ed] to properly and timely serve Defendant within sixty

6

days from the date of [the] Opinion and its accompanying Order, Plaintiff's complaint [would] be dismissed without prejudice pursuant to Rule 4(m)." (Id. at 15-16.)

Instead of properly serving Defendant Bank of New York with the original complaint [Doc. No. 1] as instructed by the March 21, 2013 Opinion and Order, it now appears that on May 8, 2013, Plaintiff filed an untitled document [Doc. No. 24] which the Clerk of Court construed as a "Proposed Amended Complaint."[3] Plaintiff's "Proposed Amended Complaint" purports to add three new defendants in this action: Bank of America Corporation

---

[3]    The following day, the Deputy Clerk issued a "Deficiency Notice" to Plaintiff which provided in pertinent part:
> Yesterday, May 8, 2013, you submitted a document for filing.  It appears, perhaps incorrectly, you may be attempting to file an amended complaint.  Solely to make a record that you submitted the document, I have docketed your submission as a proposed amended complaint (DI 24).
> There are deficiencies and issues regarding the document which may cause no action to be taken regarding it.  Please address the following by responding to them writing.
>> 1)    The document lacks a brief descriptive title and there does not comply with Local Rule 5.1.1(a) (copy enclosed).
>> 2)    If your intention is to file an amended complaint, you may wish to review the enclosed copies of: a) Rule 15 of the Federal Rules of Civil Procedure. b) Local Rule 4.1.
>> 3)    If you do not intend to file an amended complaint, your intentions are unclear.

(Deficiency Notice [Doc. No. 25] 1.)

("BOA"), Equicredit Corporation of America ("Equicredit"), and Select Portfolio Servicing, Inc ("Select").  After this document was filed, Plaintiff proceeded to attempt to serve the "Proposed Amended Complaint" on Defendant Bank of New York, and upon the nonparties BOA, Equicredit, and Select.

On May 17, 2013, Plaintiff submitted a letter to Court expressing his frustrations regarding his difficulties in properly effectuating service upon Defendant Bank of New York and moving this litigation forward.  (Pl.'s May 17, 2013 Letter [Doc. No. 30] 1.)  In his letter, Plaintiff takes the position that since "service [of the original complaint] was not properly effectuated, then the Initial [i.e., original] Complaint has never been filed."  (Id.)  Plaintiff asserts that the "Proposed Amended Complaint" [Doc. No. 24] is "essentially the Initial Complaint, and not an Amended Complaint[.]"[4]  (Id.)  Before the Clerk or the Court had the opportunity to respond to Plaintiff's May 17, 2013 letter, Plaintiff filed a third complaint [Doc. No.

---

[4]    In this letter, Plaintiff notes that his objects to the "change of venue" of his case from the District of Delaware to the District of New Jersey.  The Court notes for informational purposes only that venue of Plaintiff's case has remained in the District of Delaware at all times.  This case is being handled by the undersigned, a United States District Judge for the District of New Jersey, sitting by designation in the District of Delaware by Order of the Chief Judge of the United States Court of Appeals for the Third Circuit due to a previously vacant judgeship in the District of Delaware.

31] in this case on May 21, 2013, which Plaintiff entitled the "Amended Complaint." The docket reflects that also on May 21, 2013, the Clerk issued summonses as to Defendant Bank of New York, and the three other entities named in both the "Proposed Amended Complaint" and the "Amended Complaint" - BOA, Equicredit, and Select.

In support of his filing of the "Amended Complaint," Plaintiff submitted another letter to the Court dated May 21, 2013 in which he represented that he found himself "even more confused than [he] was initially." (Pl.'s May 21, 2013 Letter [Doc. No. 32] 1.) Plaintiff complains in the letter that he has "received no assistance from the Clerk's Office regarding a very simple" question: "Since the original complaint that [was] filed over 2 years ago was never properly served on the defendants, then does the newest filing that [was] submitted count as the original complaint, or an amended complaint?" (Id.) (emphasis omitted). Plaintiff claims that the Clerk of the Court "left [him] in the lurch as to how to style [the] most recent filing[,]" informing Plaintiff that answering this question constitutes legal advice. (Id.) As a result, Plaintiff styled [Doc. No. 31] as an "Amended Complaint" and Plaintiff "went through the arduous task, and financial burden of paying" a process server to reserve Defendant and the other entities named

9

in the "Amended Complaint." (Id.)  Plaintiff concludes by

advising the Court that his letter "serves to state that [he]

did, in fact, attempt to re-file and re-serve everything prior

to the" deadline set forth by the Court's March 21, 2013 Opinion

and Order.  (Id.)  On May 22, 2013, Defendant Bank of New York

filed the present motion [Doc. No. 33] to dismiss for

insufficiency of process and insufficiency of service of

process.  The Court now turns to resolution of that motion.


III. **DISCUSSION**

     Defendant Bank of New York now moves to dismiss under

Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5).  Under

these provisions of Rule 12(b), "a defendant may move to dismiss

on the grounds that process was insufficient or that service of

process was insufficient."  Salaam v. Merlin, No. 08-1248, 2009

WL 2230925, at *2 (D.N.J. July 22, 2009).  "Insufficiency of

process is the inadequacy of the actual contents of [the]

documents served" whereas "[i]nsufficiency of service of process

relates to the adequacy of the method and timing of delivery of

the documents served."  Id. (citing 5B Wright & Miller, Federal

Practice & Procedure (2004) § 1353 at 334.)

     Defendant Bank of New York argues that even after the

Court's March 21, 2013 Opinion and Order, Plaintiff has still

failed to properly effect service upon Defendant within the additional sixty-day time period provided by the Court's most recent Order.  (Def.'s Mot. [Doc. No. 33] ¶¶ 6-7.)  Defendant notes that instead, Plaintiff filed the "Proposed Amended Complaint" on May 10, 2013 – a document which named additional parties as defendants and that was filed without notice or motion.  (Id. ¶ 7.)  Defendant argues that Plaintiff has now had three opportunities to properly serve his original complaint, and has received instructions from the Court on how to properly effect service of process in this case.  (Id. ¶ 10.)  Defendant contends that Plaintiff "has had ample opportunity to engage counsel, or seek freely available legal resources to assist in service of process[,]" but has failed to do so and "has failed to justify his failure to effect proper service of process." (Id.)  Defendant Bank of New York thus requests that the Court dismiss this case with prejudice.

## IV.  <u>ANALYSIS</u>

Defendant Bank of New York's motion does not clearly articulate the basis for its motion but the Court construes Defendant's motion as seeking dismissal under Rule 12(b)(5) based on Plaintiff's continuing failure to comply with the time limitations for service set forth in Federal Rule of Civil

Procedure 4(m).[5]  Rule 4(m) provides in pertinent part that "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if plaintiff shows good cause for the failure, the Court shall extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m).

As the Court previously noted, at the time the March 21, 2013 Opinion and Order were entered, Plaintiff had not complied with Rule 4(m) because Plaintiff's complaint was filed on September 28, 2011, and had clearly not been served on Defendant within the 120 day limit of Rule 4(m), or within any of the extensions previously granted by the Court.  Before assessing the merits of Defendant's challenge under Rule 4(m) in the

---

[5]    The Court construes Defendant's motion in this manner because the motion specifically relies on the Court's March 21, 2013 Opinion and Order which recognized Plaintiff's failure to timely serve the complaint as required under Rule 4(m) and granted Plaintiff an one final extension of time to serve Defendant in accordance with the Court's prior Opinions and Orders.  The March 21, 2013 Opinion and Order required Plaintiff to properly effect service of process of the complaint within sixty days or face dismissal of the complaint.  Defendant argues in the motion that service was not properly effected within the time allowed by the Court, and thus Plaintiff's complaint should be dismissed.

instant motion, the Court must first address the status of Plaintiff's "Proposed Amended Complaint" [Doc. No. 24] and the "Amended Complaint" [Doc. No. 31].

Federal Rule of Civil Procedure 15 governs amendment of pleadings.  Pursuant to Rule 15(a)(1), a "party may amend its pleading once as a matter of course within: (A) 21 days after serving it; or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  FED. R. CIV. P. 15(a)(1). "In all other cases a party may amend its pleading only with the opposing party's written consent or the Court's leave."  FED. R. CIV. P. 15(a)(2).  "Generally speaking, an amendment that has been filed or served without leave of court or consent of the defendants is without legal effect."  Murray v. Archambo, 132 F.3d 609, 612 (10th Cir. 1998) (citing Hoover v. Blue Cross & Blue Shield, 855 F.2d 1538, 1544 (11th Cir. 1988); 6 Charles Alan Wright et al., Federal Practice & Procedure § 1484, at 601 (2d Ed. 1990)).[6]

---

[6]    "In general, if an amendment that cannot be made as of right is served without obtaining the court's leave or the opposing party's consent, it is without legal effect and any new matter it contains will not be considered unless the amendment is resubmitted for the court's approval."  6 Charles Alan Wright et al., Federal Practice & Procedure § 1484, at 601 (2d Ed.

Here, Plaintiff filed both the "Proposed Amended Complaint" and the "Amended Complaint" without leave of Court and without written consent from Defendant.  Moreover, because Plaintiff had yet to properly serve the original complaint, he may not invoke the provisions of Rule 15(a)(1)(A) which permits amendment as a matter of right within twenty-one days of service.  See Barrett v. City of Allentown, 152 F.R.D. 46, 49 (E.D. Pa. 1993) (observing that "[t]he filing of an amended complaint was improper because service of the original Complaint was never perfected.").  Accordingly, neither the "Proposed Amended Complaint" nor the "Amended Complaint" are of any legal effect in this matter, and both will be stricken.[7]  As a result, Plaintiff's purported attempts to serve both the "Proposed

---

1990).

[7]    Given that Plaintiff's "Proposed Amended Complaint" and his "Amended Complaint" were improper and have no legal effect here, BOA, Equicredit, and Select were never actually named as Defendants in this matter and are not parties to this action. Accordingly, to the extent that BOA and Select filed a motion [Doc. No. 42] seeking to join in Defendant Bank of New York's motion to dismiss, that motion by BOA and Select will be denied as moot.
     For similar reasons, Plaintiff's motion for default judgment [Doc. No. 39] must also be dismissed as moot.  That motion seeks the entry of default judgment for Defendant's purported failure to answer the "Proposed Amended Complaint"/"Amended Complaint."  Because those documents had no legal effect, Defendant was under no obligation to file an answer to either.

14

Amended Complaint" and the "Amended Complaint" cannot be considered successful for purposes of effecting service upon Defendant.  Thus, Plaintiff failed to properly effect service within the extension of time provided by the Court's March 21, 2013 Opinion and Order, and has yet to comply with Rule 4(m).

Having found that Plaintiff has not yet effected service of the summons and the original complaint upon Defendant Bank of New York in accordance with Rule 4(m), the Court may dismiss the action without prejudice or order that service be made within a specified time.  Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1305 (3d Cir. 1995) (noting that under Rule 4(m) "the district court may, in its discretion, extend time even absent a finding of good cause.")  The Third Circuit has instructed district courts to analyze a Rule 4(m) challenge in the following order: "[f]irst, the district court should determine whether good cause exists for an extension of time.  If good cause is present, the district court must extend the time for service and the inquiry is ended.  If, however, good cause does not exist, the court may in its own discretion decide whether to dismiss the case without prejudice or extend the time for service."  Petrucelli, 46 F.3d at 1305; see also MCI Telecomm. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1096 (3d Cir. 1995), cert. denied, 519 U.S. 815 (1996); Spencer v. Steinman, 968 F.

15

Supp. 1011, 1014-15 (E.D. Pa. 1997).

To determine whether good cause exists for an extension of time, district courts consider three factors: (1) prejudice to the defendant by lack of timely service; (2) the reasonableness of plaintiff's efforts to serve and (3) whether plaintiff moved for an enlargement of time to serve. Teleconcepts, 71 F.3d at 1097. Upon consideration of these factors here, the Court finds that good cause exists for granting Plaintiff another extension of time within which to properly effect service of the summons and the original complaint in this action upon Defendant Bank of New York.[8] Defendant Bank of New York has not demonstrated any prejudice it will suffer if another extension is granted. Most significantly here, Plaintiff has made what the Court considers extraordinary, albeit improper and unsuccessful, efforts to serve Defendant, especially given that Plaintiff is proceeding pro se in this matter. He has repeatedly engaged a process server for this purpose at personal expense, but his efforts have clearly been frustrated by the fact that he lacks the necessary information to properly serve Defendant. Moreover, while Plaintiff has not expressly moved for an enlargement of

_____

[8]    If Plaintiff seeks to amend his complaint in the future, after service has been effected upon Defendant Bank of New York, he must comply with the provisions of Rule 15 as set forth supra.

16

time to serve, the Court finds that his apparently sincere efforts to comply with the Court prior orders warrant an additional extension.  Accordingly, the Plaintiff will have one last 60-day extension.  If the Plaintiff fails to effect service within that time in accordance with the Federal Rules of Civil Procedure and the Delaware Code as set forth in the Court's March 21, 2013 Opinion the case will be dismissed without prejudice.

**V.**   **CONCLUSION**

For the foregoing reasons, Defendant's motion [Doc. No. 33] to dismiss is denied without prejudice.  Plaintiff's motion [Doc. No. 39] for default judgment, and the joint motion [Doc. No. 42] filed by non-parties to this action are denied as moot. An Order consistent with this Opinion will be entered.

Dated:   December 31, 2013                s/ Noel L. Hillman
                                         NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey

17