```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF DELAWARE
```
_____

KHYON ERNEST CHURCH-EL,

        Plaintiff,        Civil No. 11-877 (NLH/KW)

v.

                                         **MEMORANDUM OPINION**

BANK OF NEW YORK, as Trustee        **AND ORDER**

for the holders of
asset-backed certificate
series 2001-1F,

        Defendant.

_____

**APPEARANCES:**

Khyon Ernest Church-El
1725 West 2nd Street
Wilmington, Delaware 19805

    *Plaintiff Pro Se*

David A. Dorey, Esquire
Blank Rome LLP
1201 North Market Street
Suite 800
Wilmington, Delaware 19801-4226

    *Counsel for Defendant*

**HILLMAN, District Judge:**

    This matter having come before the Court by way of motion [Doc. No. 50] of Defendant, Bank of New York, as Trustee for the Holders of Asset-Backed Certificate Series 2001-1F (hereafter, "BONY"), which motion is also filed by Bank of America

Corporation (hereafter, "Bank of America"), EquiCredit Corporation of America (hereafter, "EquiCredit"), and Select Portfolio Servicing, Inc. (hereafter, "Select"), seeking to dismiss Plaintiff's complaint or, alternatively, for a more definite statement; and the Court having considered the submissions of the parties; and having decided this matter pursuant to Fed. R. Civ. P. 78; and

IT APPEARING AS FOLLOWS:

1. On September 28, 2011, Plaintiff filed a complaint in this matter against Defendant BONY pursuant to the "Fair Credit Reporting Act, the Fair Debt Collection Practices Act, Title 12 of the Delaware Code, and the 1968 Charter Act (Fannie Mae and Ginnie Mae)." (Compl. [Doc. No. 1] 1.)

2. Plaintiff did not timely serve the complaint, and the Court granted Plaintiff multiple extensions of time to effect service of process pursuant to Federal Rule of Civil Procedure 4(m).[1]

3. On May 8, 2013, before serving the complaint on Defendant BONY, Plaintiff filed an untitled document [Doc. No.

---

[1] The parties are aware of the extensive history concerning Plaintiff's efforts to serve Defendant in this matter, and the Court will not recount the details concerning service here. The service of process issue was discussed at length in the Court's March 21, 2013 Opinion [Doc. No. 22] and in the December 31, 2013 Memorandum Opinion [Doc. No. 45], and such discussions are incorporated herein by reference.

24] which the Clerk of the Court construed as a "Proposed Amended Complaint." The document purported to add three new defendants: Bank of America, EquiCredit and Select.

4. Shortly thereafter, on May 21, 2013, Plaintiff filed an "Amended Complaint" in which he also named Bank of America, EquiCredit and Select as defendants.

5. In a Memorandum Opinion dated December 31, 2013, the Court found that the "Proposed Amended Complaint" and the "Amended Complaint" were not properly filed and had no legal effect. (Mem. Op. [Doc. No. 45] 14, Dec. 31, 2013.) Accordingly, these documents were stricken. (Id.) As the Court noted in the Opinion, "[g]iven that Plaintiff's 'Proposed Amended Complaint' and his 'Amended Complaint' were improper and have no legal effect here, [Bank of America], Equicredit, and Select were never actually named as Defendants in this matter and are not parties to this action." (Id. at 14 n.7.)

6. Also in the December 31, 2013 Opinion, the Court found good cause "for granting Plaintiff another extension of time within which to properly effect service of the summons and the original complaint in this action upon Defendant Bank of New York." (Id. at 16 (emphasis added).)

7. The Court thus issued an Order dated December 31, 2013, in which it granted Plaintiff an additional sixty (60) days to effect proper service upon Defendant BONY in accordance

3

with the Federal Rules of Civil Procedure and the Delaware Code. (Order [Doc. No. 46] 2, Dec. 31, 2013.)

8. On March 12, 2014, Plaintiff filed proof of service indicating that service had finally been effected on Defendant BONY. Specifically, Plaintiff filed a proof of service form executed by Alex E. Nepon, Special Process Server with O'Rourke Investigative Associates, Inc., which indicates that Amy McLaren, operations manager at Corporation Trust Company, was served on February 27, 2014. According to the proof of service form, Ms. McLaren is authorized to accept service of process on behalf of BONY. (Proof of Service [Doc. No. 47].) Additionally, Plaintiff filed an affidavit of service completed by Connie Asaro, an agent of O'Rourke Investigative Associates, Inc., in which she states that she personally served Tom McCauley with the initial complaint on February 28, 2014. (Affidavit of Service [Doc. No. 48].) The Affidavit further provides that Mr. McCauley "stated that he is authorized to accept service on behalf of the defendant." (Id.) Finally, Plaintiff submitted a proof of service form executed by Carmen J. Verderamo, Special Process Server with O'Rourke Investigative Associates, Inc., which states that Lisa Hatfield, Esquire,

then-counsel for BONY,[2] was served with process on February 27, 2014. (Proof of Service [Doc. No. 49].)

9. BONY, Bank of America, EquiCredit and Select now seek dismissal of the complaint for failure to effect service of process. However, as noted above, Bank of America, EquiCredit and Select are not parties to this action, as the "Proposed Amended Complaint" and the "Amended Complaint" which purported to add these entities as defendants were stricken. (See Mem Op. [Doc. No. 45] 14.) Accordingly, to the extent the motion is filed by non-parties, the motion will be dismissed. The Court at this time considers the motion only insofar as it is filed by

---

[2] The Court notes that a substitution of counsel was entered on behalf of Defendant on September 17, 2014. Pursuant to this substitution, Ms. Hatfield withdrew her appearance as counsel for Defendant, and David A. Dorey, Esquire, entered his appearance as counsel for Defendant. On October 2, 2014 Plaintiff filed an objection to this substitution, asserting therein that Ms. Hatfield should continue as counsel for Defendant in this matter. However, "[t]he United States Supreme Court has recognized that there is a presumption in favor of a party's right to choose counsel." Miller v. Dep't of Veterans Affairs, Civ. A. No. 09-159-GMS, 2012 WL 560067, at *3 (D. Del. Feb. 16, 2012) (citing Wheat v. United States, 486 U.S. 153, 158, 160, 108 S. Ct. 1692, 100 L. Ed. 2d 140 (1988)). "In civil matters as well as criminal matters, the right to counsel includes the right to legal representation of one's choice." Id. (citing McCuin v. Texas Power, 714 F.2d 1255, 1257 (5th Cir. 1983)). The right to counsel of choice "can be overridden" but only if "there is a compelling reason to do so." Id. (citing McCuin, 714 F.2d at 1262-63). Plaintiff fails to provide a compelling reason why Mr. Dorey should not be permitted to serve as counsel for Defendant in this matter.

Defendant BONY, which is currently the sole defendant in this action.

10. In the motion, Defendant BONY contests service upon Ms. Hatfield or the Corporation Trust Company because this individual and entity are not authorized to accept service on behalf of BONY. (Def.'s Joint Mot. to Dismiss or, in the Alternative, for More Definite Statement (hereafter, "Def.'s Mot.") ¶ 12.) Defendant contests service upon Mr. McCauley because "Plaintiff did not serve Mr. McCauley with a copy of the Amended Complaint . . . [.]" (Id. ¶ 13.) Defendant argues that because Plaintiff amended the complaint two times, the original complaint "is not the docket upon which the Plaintiff is proceeding[,]" and Plaintiff's failure to serve Mr. McCauley with the amended complaint purportedly renders service of process ineffective. (Id.)

11. Defendant's argument is premised on the flawed assumption that Plaintiff was required to serve the amended complaint. As noted above, the amended complaint was stricken by the Court, and Plaintiff was specifically granted an extension of time to serve the original complaint upon Defendant. (Mem Op. [Doc. No. 45] 14, 16.) Plaintiff served Mr. McCauley with the original complaint on February 27, 2014. Defendant does not challenge Mr. McCauley's ability to accept service of process on behalf of BONY. Therefore, Mr. McCauley

6

appears to be an authorized agent for service of process for BONY, and he was served with the original complaint within sixty days of the December 31, 2013 Order.

12. As Defendant raises no other challenge to service of process, the Court finds that Plaintiff at this time has properly served process upon Defendant. Defendant's motion to dismiss for insufficient service of process will therefore be denied.[3]

13. Defendant's remaining arguments seek dismissal of the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[4] Defendant contends that Counts I-IV and Counts VIII-X concern alleged violations of 15 U.S.C. § 45(a), which is purportedly not actionable or applicable to the instant matter. (Def.'s Mot. ¶ 17.) Defendant also argues that Counts V through VII, which allege violations of the Fair Debt Collection Practices Act, are subject to a one-year statute of limitations and are time-barred because Plaintiff did not file until 2011 a

---

[3] Because Plaintiff effected service of process upon Defendant through Mr. McCauley, the Court need not address whether Plaintiff's efforts to serve Ms. Hatfield and the Corporation Trust Company were sufficient to constitute service of process under Federal Rule of Civil Procedure 4.

[4] Although titled a "Motion to Dismiss or, in the Alternative, for More Definite Statement," the motion solely addresses the insufficiency of the allegations under Federal Rule of Civil Procedure 12(b)(6) and fails to set forth any arguments concerning the need for a more definite statement under Federal Rule of Civil Procedure 12(e).

complaint concerning foreclosure proceedings that occurred in 2006 and 2007. (Id. ¶ 18.) As to Counts VIII through X, Defendant asserts that these claims for alleged violations of the Fair Credit Reporting Act are also time-barred, because Plaintiff knew of any alleged violation at least as of October 2008 and was required to file his claim within two years of discovery of the violation. (Id. ¶ 19.) Finally, Defendant contends that Count XI under the Real Estate Settlement Procedures Act is time-barred because it was not brought within three years of the alleged violation. (Id. ¶ 20.)

14. Because Defendant seeks to dismiss the allegations in the amended complaint, which has been stricken and is not the operative pleading in this matter, the motion to dismiss will be denied.

15. The Court notes that the original complaint also purports to assert claims under the Fair Credit Reporting Act and the Fair Debt Collection Practices Act, and Defendant's arguments concerning the statute of limitations may apply equally to some of the claims in the original complaint. However, in the Third Circuit, the Court may only dismiss a complaint on statute of limitations grounds under Rule 12(b)(6) where "the bar is . . . apparent on the face of the complaint." Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002) (court may dismiss "only if 'the time alleged in the statement of a claim

shows that the cause of action has not been brought within the statute of limitations.'")(quoting <u>Hanna v. U.S. Veterans' Admin. Hosp.</u>, 514 F.2d 1092, 1094 (3d Cir. 1975)).

16.  Defendant has not addressed whether the facts, as alleged in the original complaint, demonstrate that Plaintiff's claims are time-barred.  Additionally, while Plaintiff in opposition to the present motion raises a number of factual issues extraneous to the pleadings as to why he did not discover the nature of his claims until 2011, he does not address the proper standard in determining when a statute of limitations begins to run.  The statute of limitations does not begin to run when a plaintiff actually knew of an injury; rather, it begins to run when a reasonable person should have known that a violation of law occurred.  <u>Kach v. Hose</u>, 589 F.3d 626, 634 (3d Cir. 2009).  "'The cause of action accrues even though the full extent of the injury is not then known or predictable.  Were it otherwise, the statute would begin to run only after a plaintiff became satisfied that he had been harmed enough, placing the supposed statute of repose in the sole hands of the party seeking relief.'"  <u>Id.</u> at 634-35 (quoting <u>Wallace v. Kato</u>, 549 U.S. 384, 391, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007)).

17.  Because the statute of limitations issue has not been properly framed by either party, the Court will not consider the pending motion to dismiss as applied to the original complaint.

9

To the extent Defendant believes that it is clear from the allegations in the original complaint that the claims asserted therein are time-barred, Defendant may file another motion and raise its arguments with specific reference to the allegations in the original complaint.

18. The Court also notes that Plaintiff's opposition to the pending motion to dismiss contains a request that the Court enter summary judgment pursuant to Federal Rule of Civil Procedure 56. (Pl.'s Response to Def.'s Mot. to Dismiss [Doc. No. 54] 8-10.)

19. Summary judgment is appropriate where the Court is satisfied that "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' . . . demonstrate the absence of a genuine issue of material fact" and that the moving party is entitled to a judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (citing Fed. R. Civ. P. 56). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323, 106 S. Ct. 2548 ("[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."); see also Singletary v. Pa. Dept. of Corr., 266 F.3d 186, 192 n.2 (3d Cir. 2001) ("Although the initial burden is on the summary judgment movant to show the absence of a genuine issue of material fact, 'the burden on the moving party may be discharged by 'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case' when the nonmoving party bears the ultimate burden of proof.")(citing Celotex, 477 U.S. at 325, 106 S. Ct. 2548).

20. Here, although Plaintiff's motion for summary judgment refers to various documents -- including "repeated communications from the Defendant . . . requiring [Plaintiff] to purchase insurance," "negative credit rating information reported by the defendant," the "chattels mortgage," and "the assignment of partial interest of the aforesaid to the defendant" -- Plaintiff has submitted no documents, affidavits, admissions, or other evidence in support of his motion. Nor has he described the content of these documents with any degree of particularity. Accordingly, the Court cannot determine based on the current record whether there is a genuine issue of fact or whether Plaintiff is entitled to judgment as a matter of law.[5]

---

[5] Moreover, Plaintiff did not file the motion in accordance with Rules 7.1.2 and 7.1.3 of the Local Rules of Civil Practice and

Plaintiff's motion for summary judgment will therefore be denied without prejudice.

ACCORDINGLY, for the reasons set forth above and for good cause shown:

IT IS on this __18th__ day of __February__ 2015,

**ORDERED** that the motion [Doc. No. 50] to dismiss, insofar as such motion was filed by Defendant Bank of New York, is hereby **DENIED**; and it is further

**ORDERED** that the motion [Doc. No. 50] to dismiss, insofar as such motion was filed by non-parties Bank of America, EquiCorp and Select, is hereby **DISMISSED**; and it is further

**ORDERED** that Plaintiff's motion [Doc. No. 54] for summary judgment, which is contained within his opposition papers, is hereby **DENIED WITHOUT PREJUDICE**.

s/ Noel L. Hillman<br>NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey

---

Procedure of the United States District Court for the District of Delaware, so as to place the Court and Defendant on notice that Plaintiff was seeking affirmative relief.