NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| KHYON ERNEST CHURCH-EL, | |
| Plaintiff, | Civil No. 11-877 (NLH/KMW) |
| v. | |
| BANK OF NEW YORK, as Trustee for the holders of asset-backed certificate series 2001-1F, | OPINION |
| Defendant. | |

**APPEARANCES:**

Khyon Ernest Church-El
1725 West 2nd Street
Wilmington, Delaware 19805

    *Plaintiff Pro Se*

David A. Dorey, Esquire
Blank Rome LLP
1201 North Market Street
Suite 800
Wilmington, Delaware 19801-4226

    *Counsel for Defendant*

**HILLMAN, District Judge:**

    This matter comes before the Court by way of motion [Doc. No. 62] of Defendant, Bank of New York, as Trustee for the Holders of Asset-Backed Certificate Series 2001-1F (hereafter, "BONY"), seeking to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) based upon Plaintiff's failure to state a claim

upon which relief may be granted.  Plaintiff, Khyon Ernest Church-El, opposes the motion [Doc. No. 72].[1]

Also before the Court is Plaintiff's motion [Doc. No. 74] to amend his complaint pursuant to Fed. R. Civ. P. 15(d).[2] Defendant opposes this motion [Doc. No. 75].

The Court has considered the submissions of the parties and decides this matter pursuant to Fed. R. Civ. P. 78.  For the reasons expressed below, Defendant's motion to dismiss will be granted, and Plaintiff's motion to amend will be denied.

I.  **BACKGROUND**

On September 28, 2011, Plaintiff filed a complaint against Defendant BONY pursuant to the "Fair Credit Reporting Act (FCRA), the Fair Debt Collection Practices Act (FDCPA), Title 12 of the Delaware Code, and the 1968 Charter Act (Fannie Mae and Ginnie Mae)."  Compl. [Doc. No. 1].  Plaintiff was a borrower on a foreclosed mortgage, the judgment of which was affirmed on appeal on October 3, 2008 by the Delaware Supreme Court.  Id. ¶ 10.

---

[1] The Court notes that Plaintiff's initial opposition [Doc. No. 66] to the present motion only addresses Defendant's notice of lack of opposition [Doc. No. 65] and does not address the substantive argument in the present motion.  Plaintiff subsequently filed "Plaintiff's Reply to Defendant's Motion to Dismiss" [Doc. No. 72].

[2] Plaintiff refers to the motion as "Motion to Supplement Complaint."  Plaintiff attached what appears to be a Proposed Amended Complaint ("PAC") [Doc. No. 74-1] with the motion.

2

Plaintiff did not timely serve the complaint, and the Court granted Plaintiff multiple extensions of time to effect service pursuant to Fed. R. Civ. P. 4(m).[3] Before serving the complaint on Defendant BONY, Plaintiff filed an untitled document [Doc. No. 24], which the Clerk of the Court construed as a "Proposed Amended Complaint." The document purported to add three new defendants: Bank of America Corporation (hereafter, "Bank of America"), EquiCredit Corporation (hereafter, "EquiCredit") and Select Portfolio Servicing, Inc. (hereafter, "Select"). Shortly thereafter, Plaintiff filed an "Amended Complaint," also naming Bank of America, EquiCredit and Select as defendants [Doc No. 31]. In a Memorandum Opinion dated December 31, 2013, the Court found that the "Proposed Amended Complaint" and the "Amended Complaint" were not properly filed and had no legal effect. Dec. 31. 2013 Mem. Op. ¶ 14 [Doc. No. 45].

BONY, Bank of America, EquiCredit, and Select sought dismissal of Plaintiff's complaint for failure to effect service [Doc. No. 50]. Plaintiff opposed the motion and also seemed to move for summary judgment [Doc. No. 54]. In a Memorandum

---

[3] The parties are aware of the extensive history concerning Plaintiff's efforts to serve Defendant in this matter, and the Court will not recount the details concerning service here. The service of process issue was discussed at length in the Court's March 21, 2013 Opinion [Doc. No. 22] and in the December 31, 2013 Memorandum Opinion [Doc. No. 45], and such discussions are incorporated herein by reference.

3

Opinion dated February 19, 2015, the Court dismissed the motion to the extent that it was filed by non-parties, Bank of America, EquiCredit and Select. Feb. 19, 2015 Mem. Op. ¶ 9 [Doc. No. 61]. The Court also denied the motion by the sole Defendant, BONY, because the operative pleading in the matter was the original complaint, which was properly served, and BONY's motion sought to dismiss allegations in the amended complaint, which were stricken. Id. ¶¶ 12, 14. The Court further denied Plaintiff's motion for summary judgment. Id. ¶¶ 18, 20.

## II. JURISDICTION

Plaintiff asserts claims pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. The Court exercises jurisdiction over Plaintiff's federal law claims under FCRA and FDCPA pursuant to 28 U.S.C. § 1331. See also 15 U.S.C. §§ 1681p, 1692k(d) (allowing FCRA and FDCPA claims to "be brought in any appropriate United States district court without regard to the amount in controversy...."). The Court exercises supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

## III. STANDARD FOR MOTION TO DISMISS

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. Pro. 12(b)(6), a court must accept all

well-pleaded allegations in the claim as true and view them in the light most favorable to the claimant. <u>Evancho v. Fisher</u>, 423 F.3d 347, 350 (3d Cir. 2005); <u>MCI Telecommunications Corp. v. Graphnet, Inc.</u>, 881 F. Supp. 126, 128 (D.N.J. 1995). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Baldwin Cnty. Welcome Ctr. v. Brown</u>, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 563 n.8 (2007) (quoting <u>Scheuer v. Rhoades</u>, 416 U.S. 232, 236 (1974)); <u>see also</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 684 (2009) ("Our decision in <u>Twombly</u> expounded the pleading standard for 'all civil actions' ...."); <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009) ("<u>Iqbal</u> ... provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to

5

federal complaints before Twombly.").

Following the Twombly/Iqbal standard, the Third Circuit has outlined a three-part analysis in reviewing a complaint under Rule 12(b)(6). First, the Court must take note of the elements needed for plaintiff to state a claim. Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010). Second, the factual and legal elements of a claim should be separated; a district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Id.; Fowler, 578 F.3d at 210 (citing Iqbal, 129 S. Ct. at 1950). Third, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. Santiago, 629 F.3d at 130. A complaint must do more than allege the plaintiff's entitlement to relief. Fowler, 578 F.3d at 210; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating that the "Supreme Court's Twombly formulation of the pleading standard can be summed up thus: stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element") (internal quotations and citations omitted). A court need not credit either "bald

6

assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997).

Finally, a court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice. S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd., 181 F.3d 410, 426 (3d Cir. 1999). A court may consider, however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

## IV. **DISCUSSION**

### 1. **Fair Credit Reporting Act**

Defendant argues that Plaintiff fails to state a claim under the FCRA and Plaintiff's FCRA claims are barred by the Act's two year statute of limitations. The crux of Defendant's argument is that there is no private right of action under the relevant section of the FCRA.

"'Congress enacted the FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy.'... In doing so, Congress sought to preserve the consumer's privacy in the information

7

maintained by consumer reporting agencies." Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 191 (3d Cir. 2009) (citing Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 52 (2007); Cole v. U.S. Capital, Inc., 389 F.3d 719, 725 (7th Cir. 2004)). Under the Act, "consumer reporting agencies" ("CRAs") are entities which "regularly engage[ ] ... in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties[.]" 15 U.S.C. § 1681a(f).

Plaintiff alleges that Defendant "refus[ed] to remove or correct inaccuracies regarding [the foreclosure], despite written correspondence specifying the inaccuracies and providing information that would facilitate a reasonable reinvestigation of the matter." Compl. ¶ 4. Plaintiff appears to allege a violation of Section 1681s-2 of the FCRA, which establishes the "responsibilities of furnishers of information to consumer reporting agencies." Section 1681s-2(a) further establishes the "duty of furnishers of information to provide accurate information."

As Defendant correctly argues, there is no private cause of action under Section 1681s-2(a). The express language of the Sections 1681s-2(c) and (d) limit the enforcement of Section 1681s-2(a) to federal agencies and officials and state officials. 15 U.S.C. §§ 1681s-2(c),(d); see also Seamans v.

8

Temple Univ., 744 F.3d 853, 864 (3d Cir. 2014) ("FCRA explicitly precludes private suits for failure to comply with [Section 1681s-2(a)] ....").

Section 1681o authorizes a private cause of action against a furnisher of information for a violation of Section 1681s-2(b); however, Plaintiff does not have an FCRA claim under this section unless he alleges that he notified the CRAs of a dispute. Seamans, 744 F.3d at 864. Plaintiff fails to allege any facts in his complaint that he notified any CRA of any dispute, thus he failed to plead an FCRA violation under Section 1681s-2(b).

Even if Plaintiff alleged sufficient facts to support a FCRA claim, such a claim is time-barred. The statute of limitations on a FCRA claim is two years. 15 U.S.C. § 1681p; see also Houghton v. Ins. Crime Prevention Inst., 795 F.2d 322, 323 (3d Cir. 1986). The action must be brought within two years from the date on which the liability arises or the discovery of misrepresentation of material information in establishing the defendant's liability. Id. at 324. In the Third Circuit, the Court may only dismiss a complaint on statute of limitations grounds under Fed. R. Civ. P. 12(b)(6) where "the bar is ... apparent on the face of the complaint." Robinson v. Johnson, 313 F.3d 128, 135(3d Cir. 2002) (court may dismiss "only if 'the time alleged in the statement of a claim shows that the cause of

9

action has not been brought within the statute of limitations.'") (quoting Hanna v. U.S. Veterans' Admin. Hosp., 514 F.2d 1092, 1094 (3d Cir. 1975)).

Plaintiff filed the original complaint on September 28, 2011. Plaintiff fails to allege any violation of the FCRA occurred within the two-year statutory period prior to the filing of his complaint. Thus, it is apparent on the face of the complaint that Plaintiff's alleged FCRA claims are time-barred.

Accordingly, Plaintiff's FCRA claims will be dismissed with prejudice as Plaintiff's motion to amend and PAC are futile in addressing the deficiencies noted above.

### 2. Fair Debt Collection Practices Act

Defendant argues that Plaintiff fails to state a claim under the FDCPA and Plaintiff's FDCPA claims are barred by the Act's one year statute of limitations. The crux of Defendant's argument is that Plaintiff fails to allege specific facts showing that Defendant violated the Act.

The FDCPA was enacted "to eliminate abusive debt collection practices which contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." Wilson v. Quadramed Corp., 225 F.3d 350, 354 (3d Cir. 2000) (citations and internal quotations omitted). As Congress explained, "the purpose of the

Act was not only to eliminate abusive debt collection practices, but also to 'insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged.'" Lesher v. Law Offices of Mitchell N. Kay, PC, 650 F.3d 993, 996 (3d Cir. 2011) (citing 15 U.S.C. § 1692(e)). In light of the inadequacy of the existing consumer protection laws at the time, Congress elected to give consumers a private right of action against debt collectors who fail to comply with the FDCPA's requirements. Lesher, 650 F.3d at 996-97. The FDCPA prohibits various debt collection practices including: harassment or abuse; false and misleading representations; and unfair or unconscionable practices. 15 U.S.C. §§ 1692d-f.

An action under the FDCPA must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). In Schaffhauser v. Citibank (S.D.) N.A., 340 F. App'x 128 (3d Cir. 2009), the Third Circuit considered the issue of when the one-year statute of limitations begins to run. The court noted that some courts have held that FDCPA claims begin to run on the date of the underlying collection action was filed, while others use the date the purported debtor was served with the complaint. Id. at 130-31. The Third Circuit declined to endorse one of these two approaches, instead finding that under either approach, the plaintiff's complaint was untimely. Id. at 131.

Plaintiff alleges that Defendant engaged in "collection tactics" in violation of the FDCPA. Compl. ¶ 4. Plaintiff fails to allege any facts to show that Defendant harassed or abused Plaintiff in violation of 15 U.S.C. § 1692d; engaged in any false, deceptive or misleading representation in violation of 15 U.S.C. § 1692e; or used any unfair or unconscionable means in violation of 15 U.S.C. § 1692f. Plaintiff merely makes conclusory statements without alleging any facts.

Even if Plaintiff alleged sufficient facts to support a FDCPA claim, such a claim is time-barred. The statute of limitations on a FDCPA claim is one year. 15 U.S.C. § 1692k(d). Plaintiff filed the original complaint on September 28, 2011. Plaintiff fails to allege any violation of the FDCPA occurred within the one-year statutory period prior to the filing of his complaint. Thus, under either approach articulated by the Third Circuit in Schaffhauser, Plaintiff's FDCPA claims are barred by the one-year statute of limitations.

Accordingly, Plaintiff's FDCPA claims will be dismissed with prejudice as Plaintiff's motion to amend and PAC are futile in addressing the deficiency noted above.

### 3. 1968 Charter Act

The 1968 Charter Act changed Federal National Mortgage Association's (FNMA) charter and also created the Government National Mortgage Association (GNMA). 12 U.S.C. § 1717(a)(2).

The purpose of these entities is to "establish and stabilize secondary markets for residential mortgages in order to 'promote access to mortgage credit throughout the Nation.'" Delaware Cnty., Pa. v. Fed. Hous. Fin. Agency, 747 F.3d 215, 219 (3d Cir. 2014) (quoting 12 U.S.C. § 1716)). While the FNMA and the GNMA may sue and be sued in their corporate names under Section 1723a(a), the 1968 Charter Act only provides the rights and the obligations of these entities. See 12 U.S.C. § 1716 et seq.

Here, Plaintiff alleges that Defendant had no authority to initiate the foreclosure proceedings under the 1968 Charter Act. Compl. ¶¶ 16, 18. Plaintiff fails to direct the Court to any provision of the 1968 Charter Act that governs Defendant's alleged conduct. The Court further notes that Plaintiff's motion to amend and PAC seem to abandon his claims under the 1968 Charter Act. Accordingly, Plaintiff's claims under the 1968 Charter Act will be dismissed without prejudice.

### 4. Title 12 of the Delaware Code

Plaintiff references Title 12 of the Delaware Code in the caption of the complaint. Compl. at 1. Title 12 of the Delaware Code is titled, "Decedents' Estates and Fiduciary Relations." DEL. CODE. ANN. tit. 12. Plaintiff fails to discuss the Delaware Code except in the caption and also fails to state facts that show Defendant allegedly violated Title 12 of the Delaware Code. The Court further notes that Plaintiff's motion

13

to amend and PAC seem to abandon his claims under Title 12 of the Delaware Code. Accordingly, Plaintiff's claims under Title 12 of the Delaware Code will be dismissed without prejudice.

**5.   Fraud**

Plaintiff also alleges that Defendant committed fraud. Compl. ¶¶ 13-15. Under Delaware law, the elements for common law fraud are: "(1) false representation, usually of fact; (2) made either with knowledge or belief or with reckless indifference to its falsity; (3) with an intent to induce the plaintiff to act or refrain from acting; (4) the plaintiffs action or inaction resulted from a reasonable reliance on the representation; and (5) reliance damages the defendant." Am. Gen. Life Ins. v. Goldstein, 741 F. Supp. 2d 604, 612 (D. Del. 2012) (quoting Browne v. Robb, 583 A.2d 949, 955 (Del. 1990)). "Pursuant to Federal Rule of civil Procedure 9(b), a heightened pleading standard applies to fraud claims, requiring that in all averments of fraud ... the circumstances constituting fraud ... shall be stated with particularity." Id. (quotation and citation omitted).

Plaintiff merely makes conclusory statements that Defendant committed "mortgage fraud" without alleging specific facts with particularity. The Court further notes that Plaintiff's motion to amend and PAC are futile in addressing the deficiency noted above. Accordingly, Plaintiff's fraud claims will be dismissed

14

without prejudice.

   **6.    Foreclosure Claims**

Plaintiff also asks the Court to review "the lower Court's Record." Compl. ¶ 19. The Court interprets this as Plaintiff's request for this Court to exercise appellate jurisdiction over the Delaware Supreme Court's decision affirming the foreclosure at issue in the present matter. The Court lacks jurisdiction over suits that are essentially appeals from state-court judgments under the Rooker-Feldman doctrine. Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 165 (3d Cir. 2010). The doctrine applies when: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries cause by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgements." Id. at 166 (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp, 544 U.S. 280, 284 (2005)).

Here, Plaintiff lost in state court when the Delaware Supreme Court affirmed the foreclosure on October 8, 2008; Plaintiff alleges injuries from that decision; the federal suit was filed after that decision on September 28, 2011; and Plaintiff requests the Court to review and reject the state judgment. Accordingly, the Court finds that the Rooker-Feldman doctrine prohibits the Court from exercising appellate

15

jurisdiction over the Delaware Supreme Court and Plaintiff's foreclosure claims will be dismissed with prejudice.

**7.     Injunctive Relief**

Plaintiff further requests an injunctive relief from the continued enforcement of the foreclosure judgment in state court. Compl. ¶ 19. However, the Anti-Injunction Act prohibits federal courts from enjoining state court proceedings. <u>Williams v. BASF Catalysts, LLC</u>, 765 F.3d 306, 325 (3d Cir. 2014); <u>Colahar v. Wells Fargo Bank N.A.</u>, 56 F. Supp. 3d 603, 607 (D. Del. 2014) (quoting 28 U.S.C. § 2283 ("A court of the United States may not grant injunction to stay proceedings in a State Court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.")); <u>Clark v. U.S. Bank Nat'l Ass'n</u>, No. 03-5452, 2004 WL 1380166, *3 (E.D. Pa. June 18, 2004) ("The Anti-Injunction Act simply does not allow federal courts to enjoin state court proceedings, including mortgage foreclosure actions, absent the application of an exception under the statute."). The three exceptions stated in the Act are to be construed narrowly. <u>In re Diet Drugs</u>, 282 F.3d 220, 231 (3d Cir. 2002).

Here, Plaintiff has not directed the Court to any applicable exceptions to the Anti-Injunction Act. The Court further finds that none of the narrowly construed exceptions are

applicable to the present matter. Accordingly, Plaintiff's claim for injunctive relief will be dismissed with prejudice.

### 8. Real Estate Settlement Procedures Act

Plaintiff alleges that his "mortgage was assigned ... without him ever having received proper notification thereof, and having never been notified as to the persons holding his original note." Compl. ¶ 11. Plaintiff does not explicitly allege a violation of the Real Estate Settlement Procedures Act (RESPA) 12 U.S.C. § 2601 et seq., however, Plaintiff appears to allege a RESPA violation.

RESPA requires that a "servicer of any federally related mortgage loan shall notify the borrower in writing of any assignment, sales, or transfer of the servicing of the loan to any other person." 12 U.S.C. § 2605(b)(1). Plaintiff only alleges that he did not receive notice when his mortgage was transferred and fails to allege that he was not notified when a servicing transfer occurred. Moreover, Plaintiff identifies Select as the assigned service agent.[4] Compl. ¶ 10. Plaintiff fails to allege Defendant BONY ever serviced his mortgage, and therefore had a duty to notify him of an alleged service transfer of his mortgage under RESPA. The Court finds that

---

[4] The Court notes that in Plaintiff's PAC, Plaintiff identifies "EQCC of America" as the initial servicer of the mortgage and Select as the "expected successor servicer." PAC ¶ 75.

17

Plaintiff fails to state a RESPA claim upon which relief may be granted and Plaintiff's motion to amend and PAC are futile in correcting the deficiency. Accordingly, Plaintiff's RESPA claim will be dismissed without prejudice.

 **9.** **Truth in Lending Act**

Plaintiff does not explicitly allege a violation of the Truth in Lending Act (TILA), 15 U.S.C. § 1601 et seq., however Plaintiff alleges that his mortgage was assigned without notification, thus the Court will address the allegation. Civil liability for failure to provide notice of new creditor under Section 1641(g) is governed by Section 1640(a). 15 U.S.C. § 1640(a). The Third Circuit has interpreted the statutory language of Section 1640(a) as requiring a showing of detrimental reliance to recover actual damages. Vallies v. Sky Bank, 591 F.3d 152, 157-58 (3d Cir. 2009) ("In the context of TILA disclosure violations, a creditor's failure to properly disclose must cause actual damages; that is, without detrimental reliance on faulty disclosures (or no disclosure), there is no loss (or actual damage).").

Here, Plaintiff alleges that he was not notified of the assignment of his mortgage; however, he fails to allege that the lack of notice caused him actual damages. Thus, there were no detrimental reliance and no loss. The Court finds that Plaintiff fails to state claim under TILA upon which relief can

be granted and Plaintiff's motion to amend and PAC are futile in correcting the deficiency noted above. Accordingly, Plaintiff's TILA claim will be dismissed without prejudice.

**10. Motion to Amend**

Amendments to pleadings are governed by Fed. R. Civ. P. 15, which provides that the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Third Circuit has shown a strong liberality in allowing amendments under Rule 15 in order to ensure that claims will be decided on the merits rather than on technicalities. Dole v. Arco Chemical Co., 921 F.2d 484, 487 (3d Cir. 1990); Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989). An amendment must be permitted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Amendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss. Jablonski v. Pan American World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988).

As discussed above, Plaintiff's motion to amend and PAC are futile in correcting the deficiencies of his original complaint. In the PAC, Plaintiff fails to allege any specific facts which would support a claim upon which relief may be granted and

merely makes conclusory statements, often reciting the elements of each claim. Accordingly, Plaintiff's motion to amend will be denied.

## V.　CONCLUSION

The Court finds that Plaintiff fails to plead sufficient facts to maintain his claims against Defendant and that Proposed Amended Complaint is futile in correcting the deficiencies discussed.

For the foregoing reasons, Defendant's motion to dismiss will be granted. In particular, Plaintiff's FCRA, FDCPA, foreclosure, and injunctive relief claims will be dismissed with prejudice. Plaintiff's claims under the 1968 Charter Act, Title 12 of the Delaware Code, common law fraud, RESPA, and TILA will be dismissed without prejudice. Furthermore, Plaintiff's motion to amend will be denied.

An Order consistent with this Opinion will be entered.

　　　　　　　　　　　　　　　　　　　s/ Noel L. Hillman
　　　　　　　　　　　　　　　　　　NOEL L. HILLMAN, U.S.D.J.

Dated: December 15, 2015

At Camden, New Jersey